MINUTE ENTRY
November 8, 2021
ASHE, J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WITCHES BREW TOURS LLC | CIVIL ACTION |
| VERSUS | NO. 21-2051 |
| NEW ORLEANS ARCHDIOCESAN CEMETERIES, *et al.* | SECTION M (5) |

A telephone status conference was held on Monday, November 8, 2021, at 2:00 p.m. with the participation of David W. Nance on behalf of plaintiff, Witches Brew Tours LLC ("WBT"); Brian J. Capitelli and Tiffany Love on behalf of defendant, New Orleans Archdiocesan Cemeteries ("NOAC"); and James A. Cobb, Jr. on behalf of Cemetery Tours NOLA, LLC ("CTN"). The Court heard oral argument on the motion for temporary restraining order (R. Doc. 2) which sought to restrain defendants from "favor[ing] or provid[ing] exclusive access, to any of the cemeteries it owns or operates, for any single or small number of tour guides or tour companies" and to ensure that, if NOAC were to reopen St. Louis Cemeteries Nos. 1 and 2, it would "continue to honor such contracts and continue such tourism related practices and fees it had with licensed cemetery tour guides and tour companies as were in effect immediately prior to the most recent closing of those cemeteries."[1] Having considered the parties' arguments and memoranda, the record, and the applicable law, the Court denies the motion for temporary restraining order for the reasons orally stated and transcribed.

---

[1] R. Doc. 2-6 at 2.

"Temporary restraining orders and preliminary injunctions are extraordinary forms of relief and require the plaintiff to carry an onerous burden." *Scott v. S. Elec. Supply Co.*, 2013 WL 12108746, at *1 (N.D. Miss. May 14, 2013) (citing *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987), and *Trinity USA Operating, LLC v. Barker*, 844 F. Supp. 2d 781, 785 (S.D. Miss. 2011)). Temporary restraining orders function to preserve the status quo by preventing irreparable harm until the preliminary injunction hearing. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974). To obtain a temporary restraining order, the movant must demonstrate all four of the following elements:

(1) a substantial likelihood of prevailing on the merits;
(2) a substantial threat of irreparable injury if the injunction is not granted;
(3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and
(4) the injunction will not disserve the public interest.

*Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). A temporary restraining order is not warranted when the movant fails to demonstrate irreparable injury. *See, e.g., Sanders v. Nat'l Missionary Baptist Convention of Am.*, 2012 WL 12874264, at *1 (E.D. La. Oct. 3, 2012). "Ultimately, temporary restraining orders are extraordinary relief and are rarely issued." *Id.* (citation, alteration, and internal quotation marks omitted).

The decision to grant or deny a temporary restraining order, like that of a preliminary injunction, is within the sound discretion of the district court. *See Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). The party requesting a temporary restraining order must clear the high hurdle of showing that it meets the requirements of Rule 65(b) and the four-element standard.

Irreparable injury is defined as an injury that cannot be compensated by monetary remedies. *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012).

"Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.  The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against the claim of irreparable harm."  *Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975) (internal citations omitted).  For purposes of this motion, WBT has not demonstrated a substantial threat of irreparable injury.

Accordingly,

IT IS ORDERED that the motion for temporary restraining order (R. Doc. 2) is DENIED.

IT IS FURTHER ORDERED that the motion for preliminary injunction (R. Doc. 2) will be heard in person on Friday, December 10, 2021, at 1:00 p.m.[2]

IT IS FURTHER ORDERED that WBT may file supplemental briefing on the motion on or before Thursday, November 18, 2021, at 5:00 p.m.

IT IS FURTHER ORDERED that any opposition be filed on or before Thursday, December 2, 2021, at 5:00 p.m.

JS10 (01:01)

---

[2] Counsel, witnesses, and others attending the hearing shall abide by the Court's protocol for entry into the facility.  See E.D. La. COVID-19 Gen. Order 21-15 (posted on the Court's website).