UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WITCHES BREW TOURS, LLC | NO: 21-cv-02051 |
| VERSUS | SECTION "M" |
| NEW ORLEANS ARCHDIOCESAN CEMETERIES d.b.a. NEW ORLEANS CATHOLIC CEMETERIES | JUDGE ASHE |
| | MAG. JUDGE NORTH |

**MEMORANDUM IN SUPPORT OF**
**<u>MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)</u>**

NOW INTO COURT, through undersigned counsel comes defendant NEW ORLEANS ARCHDIOCESAN CEMETERIES d.b.a. NEW ORLEANS CATHOLIC CEMETERIES (collectively "NOAC"), who respectfully moves this Honorable Court to dismiss the present suit pursuant to Federal Rule of Civil Procedure Rule 12(b)(1). The plaintiff has filed the present suit related to alleged violations of federal and state antitrust laws, however this Court lacks subject matter jurisdiction over this suit as the New Orleans Association of Cemetery Tour Guides and Companies lacks standing and the Sherman and Clayton Acts are inapplicable therefore, the suit should be dismissed.

**INTRODUCTION**

On November 5, 2021, Witches Brew Tours initiated these proceedings and sought a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction related to the reopening plan of St. Louis Cemetery No. 1 and alleged violations of federal and state antitrust laws. On November 15, 2021, New Orleans Association of Cemetery Tour Guides and Companies ("NOACTGC") filed a First Amended Complaint for Injunctive Relief, appearing to replace Witches Brew Tours as the plaintiff. Not only does NOACTGC lack standing to bring this suit but

1

plaintiff has failed to allege how their claims are encompassed by the Sherman and Clayton Acts, which are relied upon to establish federal subject matter jurisdiction. The property at issue is a privately owned, religious cemetery located in New Orleans, Louisiana and owned by the New Orleans Archdiocesan Cemeteries. Not only was NOACTGC not in existence at the time these proceedings were initiated, but NOACTGC has failed to allege facts that establish that the conduct at issue substantially and directly affects interstate commerce, allege facts that establish that the restraints in place are unreasonable, allege facts that establish that "cemetery tours" are an independent market such that the Sherman and Clayton Acts, or facts that establish that the decisions by NOAC have had anticompetitive effects that are harmful to consumers.

## LAW AND ARGUMENT

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the subject-matter jurisdiction of a federal district court. Because federal courts are courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims.[1] Thus, a federal court must dismiss an action whenever it appears that the subject-matter jurisdiction is lacking.[2] The burden of proof on a motion to dismiss under Rule 12(b)(1) is on the party asserting jurisdiction.[3] In considering a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction "a court may evaluate: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[4]

If a plaintiff lacks Article III standing, then a federal court lacks jurisdiction to hear the

---

[1] *See, e.g. Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).
[2] *Id.*
[3] *Id.*
[4] *Den Norske Stats v. HeereMac Vof*, 240 F.3d 420, 424 (5th Cir. 2001); *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

2

complaint.[5] "Because standing issues present jurisdictional questions, an inquiry into the existence of a party's standing usually should be covered by the standards controlling explorations into a court's subject matter jurisdiction."[6] The party invoking federal jurisdiction bears the burden of establishing the three familiar elements of Article III standing: (1) injury in fact, causation, and redressability.[7] In this case, because New Orleans Association of Cemetery Tour Guides and Companies did not come into existence until after the present suit was filed, it necessarily follows that it has not suffered any "injury in fact" or any "invasion of a legally protected interest" sufficient to confer Article III standing upon it to bring the present suit. "[S]tanding must exist at the time the suit is filed."[8] The present suit was filed on November 5, 2021 and NOACTGC filed the necessary documents with the Louisiana Secretary of State to form a separate juridical person on November 10, 2021.[9] As NOACTGC lacked legal existence as well as the capacity to bring suit on any claim at the time the present action was filed, NOACTGC lacks standing and should be dismissed as a plaintiff. Interestingly, it appears that NOACTCG was formed for the sole purpose of being a plaintiff in this case – proving that the entity suffered zero injury to establish standing.[10]

Additionally, Federal Courts are courts of limited jurisdiction and only have the authority to hear cases arising under the United States Constitution, federal law, or cases involving diversity of citizenship when the amount in controversy exceeds $75,000.[11] In this case and assuming that the Amended Complaint that included NOACTGC did not also dismiss WBT, the court lacks jurisdiction over this dispute because this case does not give rise to a federal question, as asserted

---

[5] *Grant ex. rel. Family Eldercare v. Gilbert*, 324 F.3d 383, 386 (5th Cir. 2003).
[6] *Barrett Computer Servs., Inc. v. PDA, Inc.*, 884 F.2d 214, 220 (5th Cir. 1989).
[7] *McConnell v. Fed. Election Comm'n*, 540 U.S. 93 (2003).
[8] *Advanced Nano Coatings, Inc. v. Hanafin*, 478 Fed. Appx. 838, 842 (5th Cir. 2012).
[9] Exhibit A – Louisiana Secretary of State Record
[10] In reviewing the NOACTGC website, it was discovered that donations are being sought by "friends" and "members" and funds would be paid directly to David W. Nance Law Firm, LLC – the firm representing plaintiffs.
[11] *See* 28 U.S.C. §§ 1331, 1332.

by the plaintiff. Federal question jurisdiction arises when there is either constitutional or statutory authority to bring the suit. [12] The constitutional grant of authority includes cases in which a federal question is an essential element of the action.[13] The statutory grant of authority occurs when the allegations involve a substantial disputed question of federal law or require the resolution of a substantial federal question.[14] Plaintiff bring this suit under "Sections 1 and 2 of the Sherman Act and Clayton Act, as well as La. R.S. § 51:121 *et seq.* and relevant state cemetery law."[15] Plaintiff further asserts that due to the Sherman Act and Clayton Act claims, Federal Question Jurisdiction establishes original subject matter jurisdiction over the suit and therefore supplemental jurisdiction under 28 U.S.C. § 1367 is established for the Louisiana State law claims as those claims "form part of the same case or controversy."

However, Section 1 of the Sherman Antitrust Act states "[e]very contract, combination in the form of trust or otherwise, or conspiracy, *in restraint of trade or commerce among the several states, or with foreign nations*, is declared to be illegal."[16] Yet, not every contract in restraint of trade is unlawful under the Sherman Act.[17] Only those contracts that unreasonably restrain trade in interstate commerce are unlawful under the Sherman Act if "the **restraint** in question substantially and adversely affects interstate commerce, 'the interstate commerce nexus required for Sherman Act coverage is established."[18] Plaintiffs only attempt at alleging an impact on interstate commerce is its statement that the New Orleans cemetery tour industry "focuses almost exclusively on St. Louis Cemetery Nos. 1 and 2 [. . .] and generates millions of dollars of tourism

---

[12] *See* 28 U.S.C. § 1331.
[13] *Howery v. Allstate Inc. Co.*, 243 F.3d 912, 917 (5th Cir. 2001).
[14] *Id.*
[15] Rec. Doc. 10, p. 2 of 13.
[16] 15 U.S.C. § 1 (*emphasis added*).
[17] *Standard Oil Co. v. United States*, 221 U.S. 1, 60 (1911); *United States v. Am. Tobacco Co.*, 221 U.S. 106, 179 (1911).
[18] *Fuller v. Eagle Construction & Environmental Service, L.P.*, 2009 WL 10677202 (E.D. Tx. 2009) (citing *Hospital Building Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 742 (1976)).

each year from hundreds of directly and indirectly participating individuals and businesses from local, national, and international tourists."[19] The restraint at issue involves NOAC contracting with CTN to manage the tours that go through St. Louis No. 1 cemetery and to provide security as a result of the volume of visitors that are anticipated as well as to protect the tombs from the vandalism that has occurred at increasingly high rates in recent years. [20] This measure only impacts the local tour guides related to the scheduling of tours and increases the choices of the ultimate visitors – those visitors can choose to book directly with CTN or the visitors can choose to book with Witches Brew tours or another tour company for a more expansive experience – which also includes a tour of St. Louis No. 1. It is unfathomable how restrictions placed on the entry of private religious cemetery in New Orleans by the owner of the land, that only directly impacts local tour guides, would restrain trade in interstate commerce or have a substantial and direct effect on interstate commerce. Following the logic that plaintiff seems to be using, any private property that permits visitors is directly and substantially effecting interstate commerce, sufficient to trigger federal question jurisdiction, because those visitors could be from out-of-state.  Plaintiffs attempt to create an effect on interstate commerce falls short. Plaintiffs blanket statement regarding visitors in no way establishes that the "restraint" in question is substantially and adversely affects interstate commerce.

## CONCLUSION

To have standing under Article III of the United States Constitution, "at an irreducible minimum," a plaintiff must personally have: (1) suffered an actual or threatened injury; (2) that can be traced to the challenged action of the defendant; and (3) that the injury is likely to be redressed by a favorable decision. As a threshold issue, a plaintiff must have been in existence at

---

[19] Rec. Doc. 10, p. 2 of 13.
[20] https://www.nola.com/news/politics/article_ab6f7f45-cc0d-51e4-877a-689b6a08b91b.html

the time suit was filed to have any chance of establishing standing. Here not only was NOACTGC not in existence when any of the conduct it complains about occurred, but it was not created until *after* the present suit was filed. As NOACTGC was not in existence at the time that the present suit was filed, it should be dismissed for lack of standing which results in this suit in its entirety dismissed.

      Should this Court determine that Witches Brew Tour is still a plaintiff at issue despite Rec. Doc. 10 (Plaintiffs First Amended Complaint), only naming the "Association of Cemetery Tour Guides and Companies," this Court also lacks subject matter jurisdiction to hear this suit under 28 U.S.C. § 1331. While the Sherman and Clayton Acts would establish federal question jurisdiction if it were applicable, Plaintiffs have failed to, and could not under the facts, allege sufficient facts to meet the Sherman and Clayton threshold "interstate commerce" requirement. The restraint that Plaintiff complains of deals with a privately owned religious cemetery and the impact of the management and protection plan implemented pursuant to La. R.S. § 8:204 by NOAC upon local New Orleans tour guides. As there is no "substantial and direct" impact upon interstate commerce, the Sherman and Clayton Acts are inapplicable which also defeats any supplemental jurisdiction claims under 28 U.S.C. § 1367.

WHEREFORE, plaintiff lacks both standing to bring the present suit and has failed to properly allege grounds for this Court to hear the present suit, defendant NEW ORLEANS ARCHDIOCESAN CEMETERIES d.b.a. NEW ORLEANS CATHOLIC CEMETERIES, respectfully requests this Court dismiss the present suit in its entirety.

Respectfully submitted,

/s/ Brian J. Capitelli
BRIAN J. CAPITELLI (La. 27398)
RALPH CAPITELLI (La. 3858)
TYFFANI A. LAUVE (La. 39429)
CAPITELLI & WICKER
1100 Poydras Street, Suite 2950
New Orleans, Louisiana 70163
Phone: (504) 582-2425
Fax:    (504) 582-2422
brian@capitelliandwicker.com
rc@capitelliandwicker.com
tyffani@capitelliandwicker.com
*Counsel for New Orleans Archdiocesan Cemeteries d.b.a. New Orleans Catholic Cemeteries*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of December 2021, I electronically filed the foregoing with the Clerk of Court, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Brian J. Capitelli
BRIAN J. CAPITELLI