UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WITCHES BREW TOURS LLC | CIVIL ACTION |
| VERSUS | NO. 21-2051 |
| NEW ORLEANS ARCHDIOCESAN CEMETERIES, d.b.a., NEW ORLEANS CATHOLIC CEMETERIES | SECTION M (5) |

**ORDER & REASONS**

Before the Court is the motion of plaintiff, the Association of Cemetery Tour Guides and Companies (the "Association"), to review the magistrate judge's decision on its motion for leave to amend complaint.[1] Defendant Cemetery Tours NOLA, LLC ("CTN") responds in opposition.[2] Co-defendant New Orleans Archdiocesan Cemeteries d.b.a. New Orleans Catholic Cemeteries ("NOAC," and together with CTN, "Defendants") joins in and adopts CTN's opposition.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion.

**I.  BACKGROUND**

This case concerns two of New Orleans' most storied cemeteries: St. Louis Cemetery Nos. 1 and 2, both owned and operated by NOAC.[4] The general public enjoyed a free right of access to these cemeteries until 2015, when NOAC closed St. Louis Cemetery No. 1 to all but families owning there and visitors willing to pay a fee upon entry.[5] NOAC continued to charge its visitors

---

[1] R. Doc. 78.
[2] R. Doc. 79.
[3] R. Doc. 81.
[4] R. Doc. 16-2 at 2-3, 13.
[5] R. Docs. 16-2 at 12, 14; 42 at 17.

until 2020, when it closed both Nos. 1 and 2 to all but the immediate family members of the interred as a result of the COVID-19 pandemic.[6] At some point and through some process unknown to this Court, NOAC awarded an exclusive contract to CTN to "manage tours in St. Louis Cemetery [No.] 1."[7] On or about November 26, 2021, NOAC reopened No. 1, but only to family members and those on the tours it provides in conjunction with CTN.[8] No. 2 remains closed.[9] The Association, comprised of New Orleans cemetery tour guides and companies, previously sought injunctive relief to reopen Nos. 1 and 2 to other tours, arguing, *inter alia*, that its members have suffered irreparable harm as a result of Defendants' joint venture.[10] Following a hearing, this Court denied the motion for preliminary injunction for failure to establish irreparable harm.[11] Thereafter, the Association filed a second amended complaint in which it reasserted its request for injunctive relief, again urging that its members have been irreparably harmed.[12] The Association also appealed the denial of its motion for preliminary injunction.[13] That appeal remains pending. Nonetheless, the Association filed in the appellate court a separate motion for preliminary injunction pending appeal, attaching six affidavits as new evidence.[14] The Fifth Circuit denied the Association's motion, including submission of the six affidavits.[15]

The next day, the Association filed a motion for leave in this Court to add, by way of an amendment to its second amended complaint, the same six affidavits it had sought to add to the

---

[6] R. Docs. 10 at 9; 16-2 at 21; 42 at 27.
[7] R. Doc. 16-3 at 1.
[8] R. Doc. 42 at 21, 28.
[9] *Id.* at 21.
[10] R. Docs. 16; 37.
[11] R. Doc. 41.
[12] R. Doc. 42 at 12, 16, 30.
[13] R. Doc. 45.
[14] R. Doc. 79 at 3-4.
[15] R. Doc. 66.

record on appeal.[16] The Association offered no reasons in support of its motion.[17] Defendants opposed the motion, arguing that such an amendment would be futile because the affidavits fail to state a claim.[18] On June 15, 2022, the magistrate judge denied the Association's motion for leave,[19] finding that (1) the Association had acted with undue delay in seeking to attach the affidavits to the operative complaint, (2) the prejudice to Defendants would be manifest if the Court permitted the amendment, and (3) the proposed amendment would be futile.[20] Now, the Association seeks review of the magistrate judge's order.[21]

## II. LAW & ANALYSIS

### A. Legal Standard

Magistrate judges are empowered to "hear and determine" certain nondispositive pretrial motions. 28 U.S.C. § 636(b)(1)(A); *see also PYCA Indus., Inc. v. Harrison Co. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 n.11 (5th Cir. 1996). If a party is dissatisfied with a magistrate judge's ruling on a nondispositive motion, it may appeal to the district court. Fed. R. Civ. P. 72(a). When timely objections are raised, the district court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A). The court reviews the magistrate judge's "factual findings under a clearly erroneous standard, while legal conclusions are reviewed *de novo*." *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quotations omitted). A factual "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

---

[16] R. Doc. 67 at 1.
[17] R. Docs. 67-4; 77 at 1-3; 78-1 at 1.
[18] R. Doc. 69 at 1.
[19] R. Doc. 77 at 1.
[20] *Id.* at 1-2.
[21] R. Doc. 78.

3

## B. Analysis

In its motion, the Association agrees with the magistrate judge's observation that the proposed amendment is not a complaint at all, but rather an attempt to add several affidavits as exhibits to the existing complaint.[22] It then "concedes that the original motion for leave to amend did not address [*i.e.*, provide] any reasons, other than those addressed in the affidavits themselves, for the motion."[23] The Association argues, however, that the magistrate judge erred in denying its motion for leave. First, the Association contends that, because the affidavits were "only recently obtained when some tour guides ... decided to assume the risk of retaliation," the magistrate judge erred in finding that there was undue delay in their filing.[24] Second, it argues that, contrary to the magistrate judge's reasoning, there is no manifest prejudice to Defendants in filing the affidavits at this juncture when no answer has been filed and discovery has not yet commenced.[25] Finally, the Association argues that the amendment is not futile because the affidavits demonstrate irreparable harm.[26]

In opposition, Defendants argue that the magistrate judge's order is not clearly erroneous or contrary to law.[27] First, Defendants argue that the Association's newly asserted argument that the affiants' fear of retaliation caused the delay in filing is a red herring, as there is no evidence demonstrating that Defendants had any intent or cause to retaliate against them.[28] Second, Defendants contend that the addition of the affidavits to the amended complaint would be prejudicial, as the magistrate judge found, because Defendants have had to "respond to multiple

---

[22] *Id.* at 2 (citing R. Doc. 77 at 1-2).
[23] R. Doc. 78-1 at 1 (internal citations to record documents omitted). The Association's reference to the affidavits, though, amounts to a post hoc effort to manufacture the supporting rationale for its motion for leave to amend complaint that was missing from the motion as filed.
[24] *Id.* at 1, 3.
[25] *Id.* at 5.
[26] *Id.* at 7.
[27] R. Doc. 79 at 1.
[28] *Id.* at 5.

4

frivolous motions from [the Association], which has cost [Defendants] a great deal of time and expense."[29] Finally, Defendants argue that the addition of the six affidavits would be futile because they do not cure any of the deficiencies identified by Defendants in their motions to dismiss.[30]

The magistrate judge's decision is not clearly erroneous or contrary to law.[31] First, the magistrate judge correctly found that the Association acted with "undue delay in seeking to attach this evidence [*i.e.*, the affidavits] to the active complaint."[32] By the time the Association came forward in this Court with the six affidavits, the complaint seeking injunctive relief (including a temporary restraining order) had been on file for six months, the hearing on the request for preliminary injunction in the books for five months, the second amended complaint on file for three months, and the appeal of the denial of the motion for preliminary injunction on file for three months. The undue delay is palpable. Although the Association now points to the affiants' alleged fear of retaliation for its delay in submitting the affidavits,[33] there is, as Defendants observe, no evidence of Defendants' intent (much less overt steps) to retaliate against the affiants.[34] Nor is any such fear of retaliation expressed in any of the six affidavits sought to be attached to the operative complaint.[35] The Association literally had its day in court to present evidence of irreparable harm but it failed to present any evidence at all. The Association's delay is not only undue, it is unfathomable.

---

[29] *Id.* at 7.
[30] *Id.* at 6.
[31] As noted, the Association did not present a single reason in support of its motion for leave. R. Doc. 67-4; *see also* R. Docs. 77 at 1-3; 78-1 at 1 (conceding that there were no reasons provided in support of the motion for leave to amend complaint). That alone warrants denial of the present motion for review. The magistrate judge, however, decided the motion on the merits. His thorough analysis is not erroneous or contrary to law.
[32] R. Doc. 77 at 2.
[33] R. Doc. 78-1 at 2.
[34] R. Doc. 79 at 5.
[35] R. Doc. 67-1 at 1-58.

Second, the magistrate judge correctly determined that manifest prejudice would result to Defendants if the proposed "amendment" were allowed.[36] The Association's newly asserted arguments to the contrary – namely, that no answer has been filed or discovery taken – are unavailing.[37] As the magistrate judge observed, the proposed amendment would force Defendants to relitigate the Association's serial requests for injunctive relief.[38] The Court agrees. It would be especially prejudicial to Defendants (and contrary to an orderly administration of justice) to allow the Association to add to the court record at this juncture evidence it says is relevant to matters that should have been addressed in a hearing conducted months ago and now on appeal.

Finally, the magistrate judge correctly concluded that the proposed amendment to add the six affidavits would be futile because they "add nothing to the case," "do not specify injuries that cannot be remediated by money damages," and "fail to allege that the affiants are unable to offer tours of [Nos. 1 and 2]."[39] The proposed amendment would be futile, reasoned the magistrate judge, because "the affidavits do no more to establish irreparable injury than the record previously before the Court."[40] Again, the Court agrees. Upon review of the affidavits, nothing in them cures the deficiencies in the operative complaint[41] or, as Defendants note, "support Plaintiff's antitrust, monopoly, and possessory claims."[42]

In sum, the magistrate judge's decision is neither clearly erroneous nor contrary to law.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

---

[36] R. Doc. 77 at 2.
[37] *See* R. Doc. 78-1 at 5.
[38] R. Doc. 77 at 2; *see also* R. Doc. 79 at 7-8.
[39] R. Doc. 77 at 2.
[40] *Id.*
[41] *See* R. Doc.67-1 at 1-58.
[42] R. Doc. 79 at 6.

IT IS ORDERED that the Association's motion for review of order denying motion for leave to amend complaint (R. Doc. 78) is DENIED.

New Orleans, Louisiana, this 12th day of August, 2022.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE